IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:05-CR-208 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| KENDRICK McLAUGHLIN, | : | |
| Defendant | : | |

# MEMORANDUM AND ORDER

### September 5, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendant Kendrick McLaughlin's Objections to the Presentence Report ("PSR"). The Defendant's sole remaining objection is to the Defendant's classification as a career offender, based upon the Probation Officer's conclusion that the statutory sexual assault for which the Defendant was convicted in Pennsylvania is a crime of violence. The Defendant further argues for an additional departure in his calculated criminal history category.

For the following reasons, we shall sustain the Defendant's objection to his career offender classification. Furthermore, we shall grant the Defendant a departure in his assigned criminal history category pursuant to his argument that the category over-represents his criminal history and the likelihood that he will

commit another offense.

**PROCEDURAL HISTORY**:

On January 18, 2006, the Defendant, pursuant to a plea agreement (doc. 24), pled guilty before this Court to violations of 21 U.S.C. § 841(a)(1), distribution of a controlled substance and 18 U.S.C. § 924(c)(1)(A), possession of a firearm during a drug trafficking crime. At the conclusion of the guilty plea proceeding this Court ordered that the United States Probation Office generate a presentence investigation report ("PSR"). A presentence conference was held among this Court and counsel for the parties on May 3, 2006 at which time the Defendant's objections were discussed. A briefing schedule was ordered (doc. 37) and to date the objections have been fully briefed. Sentencing is scheduled for August 28, 2006.

**STANDARD OF REVIEW**:

Pursuant to §4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."):

[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A crime of violence is defined as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an

element the use, attempted use, or threatened use of physical force against the person or another. U.S.S.G. §4B1.2(a)(1).  The Commentary to §4B1.2 states that "[c]rime of violence" includes . . . forcible sex offenses . . . Other offenses are included as "crime of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another.

**FACTUAL BACKGROUND**:

On July 9, 2002, the Defendant entered a guilty plea in the Dauphin County Court of Common Pleas to a two-count information charging statutory sexual assault, in violation of 18 Pa. Const. Stat. § 3122.1 and corruption of minors, in violation of 18 Pa. Const. Stat. § 6301.  The Defendant was sentenced to 1 to 2 years imprisonment on the statutory sexual assault violation, followed by three years state probation on the corruption of minors violation.

In paragraph 26 of the PSR, the Probation Officer qualified the Defendant as a career offender and assigned him the corresponding criminal history category of VI.  The Probation Officer supported his finding by submitting that the Defendant was forty years old at the time of the instant offense, which was a controlled

substance offense, and that the Defendant had at least two prior felony convictions for crimes of violence. The Probation Officer considered the Defendant's conviction for statutory sexual assault as a predicate crime of violence offense in assigning the Defendant career offender status.

**DISCUSSION:**

The Defendant does not dispute the Probation Officer's finding that the first two subsections of §4B1.1 are satisfied. However, Defendant's objection is that statutory sexual assault cannot be considered a crime of violence for career offender classification purposes under the plain language Pennsylvania's statutory sexual assault law, 18 Pa. Const. Stat. § 3122.1. The statute reads:

> [e]xcept as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the person are not married to each other.

The term "sexual intercourse" as used in the statute, "[i]n addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa. Const. Stat. § 3101.

Defendant and the Government agree that 18 Pa. Const. Stat. §3122.1 does not have as an element the use, attempted use, or threatened use of physical force against the person of another. The Government, however, argues that statutory

4

sexual assault under Pennsylvania law is a crime of violence pursuant to §4B1.2 because it "involves conduct that presents a serious potential risk of physical injury to another."

To determine whether the conduct expressly charged in the count of which the defendant was convicted by its nature, presented a serious potential risk of physical injury to another:

> a sentencing court should look solely to the conduct alleged in the count of the indictment charging the offense of conviction in order to determine whether the offense is a crime of violence under subsection (ii) of the guideline

United States v. Taylor, 98 F.3d 768, 771 (3d Cir. 1996)(quoting United States v. Joshua, 976 F.2d 844, 852 (3d Cir. 1992)).

The information to which the Defendant pled guilty specifically charged that on or about January 6, 2002 through January 7, 2002, the Defendant:

First Count:

did intentionally, knowingly or recklessly engage in sexual intercourse with another person, not his spouse, who was less than 16 years of age, the defendant being four or more years older than that person.

Other Person: G.A.

Age of Other Person: 13 years old

Second Count:

>did, being of the age of 18 years and upward, intentionally, knowingly or recklessly corrupt or tend to corrupt the morals of a child or children being under the age of 18 years.
>
>Child or Children: G.A.
>
>Age(s): 13 years old
>
>Acts of Corruption: Engaged in vaginal intercourse with victim knowing she was under Age 16.

(Rec. Doc. 38, Ex. 1).

The Defendant argues generally that a court may not use allegations contained in a charging document to decide whether the defendant's conduct "by its nature presented a serious potential risk of physical injury to another," unless those allegations were necessary for proof of the charge pled to or the defendant admitted to them during his guilty plea colloquy. Specifically, the Defendant argues that this Court cannot consider the complainant's age, which is contained in the information, nor the Defendant's age. The Defendant relies on United States v. Sheppard, 544 U.S. 13 (2005) to support this argument.

In Sheppard, the Supreme Court held that a sentencing court was "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," when determining if a generic burglary conviction was a violent felony for purposes of the Armed Career Criminal Act. Id. at 16. The

Supreme Court specifically prohibited the sentencing court from looking to police reports or complaint applications.  Id.  The Defendant argues that Sheppard must be narrowly construed, and that this Court must essentially disregard allegations in the information that are not necessary for conviction or that to which the Defendant has not otherwise admitted.

The Government argues that an analysis of the conduct charged in the counts of conviction establishes that the Defendant engaged in vaginal sexual intercourse with a 13-year old child.  The Government further argues that the Defendant's age can be inferred from the date of the offense charge and the Defendant's date of birth.

The information specifically charges that the complainant was 13-years old.  We do not find persuasive the Defendant's argument that the complainant's age is not necessary to support a conviction on the charge and therefore this Court may not consider it.  The complainant's age, as set forth in the information, is an essential element of the crime and therefore is an entirely appropriate piece of material for this Court to consider.   Further, we find that the Defendant's age may also be considered by this Court, in light of the fact that it is specifically referenced in the guilty plea colloquy.

As noted, the Government's essential argument is that a sexual offense

committed against a 13-year old child by an adult, such as the Defendant, inherently involves "a serious potential risk of physical injury," and accordingly the statutory sexual assault conviction is appropriately considered a crime of violence for career offender classification purposes.

The Court of Appeals for the Third Circuit has not spoken to the issue of whether a conviction for statutory sexual assault under 18 Pa. Const. Stat. § 3122.1 is a "crime of violence" under U.S.S.G. §4B1.2.  A sampling of our sister circuits have held that certain sexual offenses committed by an adult upon a child have been deemed "crimes of violence" under U.S.S.G. §4B1.2.  However, we find that the import of the underlying state statutes of conviction are quite different than 18 Pa. Const. Stat. § 3122.1, which is at issue here.  We will accordingly explore those distinctions in detail.

In United States v. Bauer, 990 F.2d 373 (8th Cir. 1993)(per curiam), the Court of Appeals for the Eighth Circuit held that a conviction for statutory rape under the Iowa Code was a "crime of violence" and could be used as a predicate offense to trigger U.S.S.G. §4B1.1.  In Bauer, at the time of the defendant's conviction, statutory rape "fell within the ambit of the general definition of rape under [the] Iowa Code," Id. at 374.  Specifically, the language of the statute made it a violation for "any person [to] carnally know and abuse any female child under

the age of sixteen years." Iowa Code § 698.1 (repealed 1976). The Eighth Circuit opined that its decision was controlled by an earlier ruling of the court, which concluded that the commission of lascivious acts with a child in violation of Iowa Code § 709.8 constituted a "crime of violence" for purposes of sentencing enhancements under U.S.S.G. §2L1.2(b)(2).[1]  See States v. Rodriguez, 979 F.2d 138 (8th Cir. 1992).

It is clear to the Court that the language of the statute at issue in Bauer is markedly different from 18 Pa. Const. Stat. § 3122.1 Particularly, an element of statutory rape under the Iowa Code is "abuse" of a female under sixteen years of age. The element of "abuse" connotes conduct that injures and victimizes another person. The Pennsylvania statute at issue does not incorporate "abuse" as an element, and accordingly, Bauer is distinguishable.

In United States v. Vigil, 334 F.3d 1215 (10th Cir. 2003), the Court of Appeals for the Tenth Circuit held that a prior state conviction for aggravated incest constituted a prior conviction for a "crime of violence" within the meaning of U.S.S.G. §4B1.2. Specifically, the defendant was convicted under §18-6-

---

[1] U.S.S.G. § 2L1.2(b)(2) provides for a sentencing enhancement if a defendant was previously deported for an aggravated felony. Aggravated felony is defined as "any crime of violence (as defined in 18 U.S.C. § 16 . . .) for which the term of imprisonment imposed . . . is at least five years. 18 U.S.C. § 16 defines "crime of violence," in part, as any offense "that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property may be used in the course of committing the offense."

302(1)(a) of the Colorado Code, which reads:

> A person commits aggravated incest when he or she knowingly:
>
> (a) Marries his or her natural child or inflicts sexual penetration or sexual intrusion on or subjects to sexual contact . . . his or her natural child . . . For the purpose of this paragraph only, "child" means a person under twenty-one years of age.

In holding that the defendant's conviction for aggravated incest was a "crime of violence," the Tenth Circuit found that aggravated incest involved "conduct that presents a serious potential risk of physical injury to another," as stated in U.S.S.G. §4B1.2(a)(2). The Tenth Circuit rejected the defendant's argument that there was no risk of physical injury because his teenage daughter factually consented to sexual intercourse with the defendant, noting that a child is legally unable to consent to aggravated incest.

Clearly, the Colorado aggravated incest statute differs from the Pennsylvania statutory sexual assault law. Colorado's aggravated incest statute makes it a crime for persons of a particular familial relationship to engage in conduct, and the nature of the crime is based on the relationship between parent and child, not the sexual conduct standing alone.

In <u>United States v. Rowland</u>, 357 F.3d 1193, 1197 (10th Cir. 2004), the Tenth Circuit held that the Oklahoma sexual battery statute constituted a "crime of violence" because sexual battery presents a serious risk of physical injury to

another.  Under Oklahoma law:

> Sexual battery shall mean the intentional touching, mauling or feeling of the body or private parts of any person sixteen (16) years of age or older in a lewd and lascivious manner and without the consent of that person.

Okla. Stat. Ann. tit. 21 § 1132(B).  The Tenth Circuit reasoned that "[t]he serious risk of bodily injury is a constant in cases involving sexual battery." Id. at 1198.

Once again, the Oklahoma statute is facially different than the Pennsylvania statute and moreover, the connotation of the Oklahoma statute infers force, inasmuch as it uses the words "mauling," "lewd," and "lascivious." Pennsylvania's statute is totally devoid of this language, and accordingly the connotation of Pennsylvania's statute is entirely different.

The Pennsylvania statute under which the Defendant was convicted contains clearly different language than the statutes discussed the above-referenced cases. The Pennsylvania statute is notably different in that it omits the word "abuse" from the definition of the crime, nor does the language of the statute connote any element of force or violence.  As they relate to the task at hand, the very benign terms of the statute beg us to look at the underlying conduct to determine whether a "crime of violence" was committed, and this we cannot do.  Put another way, if we are compelled to delve into the factual underpinnings of a predicate crime that are not a matter of record in order to determine its nature, our inquiry ends.  Without

making an impermissible leap, we are constrained to find that the conduct described in 18 Pa. Const. Stat. § 3122.1 "by its nature" does not present a serious potential risk of physical injury to another. Accordingly, we shall sustain the Defendant's objection to his classification as a career offender as denoted in the PSR.

### B. Downward Departure of Criminal History

With the granting of Defendant's objection, and removing his career offender classification, the Defendant still remains at a criminal history category of VI. The Defendant argues that a criminal history category of VI over-represents his criminal history and likelihood that he will commit other offense, and thus it is appropriate that he receive a departure to criminal history category V.

Pursuant to U.S.S.G. §4A1.3(b)(1), this Court may grant a downward departure in the Defendants criminal history category "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."

The Defendant argues that besides a conviction for simple assault, there is no other violence in the Defendant's record, and therefore the Defendant does not appear to be an offender from whom the public needs to protected. Further, the

Defendant argues that all of his prior convictions were for minor offenses, consisting of various retail thefts and other misdemeanors, and that they all occurred over three years prior than the instant offenses to which the Defendant has pled guilty.  Finally, the Defendant notes that the longest sentence ever served by him was approximately two years, and therefore the exposure to a twenty-two to twenty-seven year sentence is excessive to achieve the purposes of sentencing.

Our review of the Defendant's criminal record reveals a succession of retail thefts and other minor misdemeanors that ended in 2002.  There appears to be no clear connection between the Defendant's prior criminal history and the offenses for which he stands to be sentenced.   It is apparent that the Defendant finds himself at criminal history category V without having ever committed a crime of major violence.  While somewhat numerous, what we are presented with is a string of retail thefts and like offenses.  As argued, we agree that the Defendant does not appear to be a person who is likely to turn to violent crime and from whom the public needs to be protected to a greater degree.  Accordingly, because we find that criminal history category VI overstates the seriousness of the Defendant's criminal history, we will grant a one level departure to criminal history category V, pursuant to §4A1.3(b)(1).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's objection to Paragraph 26 of the PSR is SUSTAINED and the Defendant's classification as a career offender is removed, adjusting the offense level to **29.**

2. Pursuant to U.S.S.G. §4A1.3(b)(1), the Defendant is granted a one-level departure to criminal history category **V**.

3. The Defendant's preliminary advisory guideline range, with an offense level **29** and criminal history category **V** is 140 to 175 months. The statutory penalty for Count 5 mandates a consecutive imprisonment sentence of five (5) years.  Therefore, the aggregate advisory guideline imprisonment range is 200 to 235 months.

s/ John E.  Jones III
John E. Jones III
United States District Judge
